John SAMUELS, Dionne Samuels, a minor by her father John Samuels, and John Samuels, as Administrator of the Estate of Enid Samuels, Deceased, Plaintiffs,

v.

The HEALTH AND HOSPITAL CORPORATION OF the CITY OF NEW YORK, the Eastern Blood Bank, Inc., et al., Defendants.

No. 74 Civ. 3329 (CMM).

United States District Court, S. D. New York.

June 7, 1977.

Eleanor Jackson Piel, New York City, for plaintiffs; Nora Lavori, New York City, of counsel.

W. Bernard Richland, Corp. Counsel of the City of New York, New York City, for defendant Health & Hospital Corp. of the City of New York; Benjamin Harmatz, Asst. Corp. Counsel, New York City, of counsel.

METZNER, District Judge:

This is an action brought by plaintiffs to recover for the wrongful death of Enid Samuels as a result of the administration to her of blood allegedly infected with serum hepatitis virus. Plaintiffs seek to hold the Health and Hospitals Corporation of the City of New York (Hospital) and the Eastern Blood Bank, Inc. (Eastern) liable for negligence, breach of warranty and strict liability in tort. Defendant Hospital moves for summary judgment pursuant to Rule 56 of the Fed.R.Civ.P. to dismiss plaintiffs' claim and the claim over against it by defendant Eastern.

■ The motion is granted as to plaintiffs' claims for breach of warranty and strict tort liability. The New York State Court of Appeals clearly held that a hospital cannot be held responsible for breach of warranty when supplying blood from which a party contracts serum hepatitis. *Perlmutter v. Beth David Hospital*, 308 N.Y. 100, 123 N.E.2d 792 (1954). In that decision the court concluded that the furnishing of blood to a patient was incidental to a service and not a sale. That holding was codified and is now set out in New York Public Health Law § 580(4).

■ The Food, Drug and Cosmetic Act, 21 U.S.C. § 331(b), seeks to prevent the introduction into commerce of adulterated or misbranded drugs through injunctive proceedings, criminal penalties and seizure. In this context blood has been found to be a drug and the introduction in commerce has been by way of a sale. It does not follow, however, that Congress thereby intended to preempt the state from declaring that blood is a service furnished by a hospital to a patient and may not be the subject of a civil warranty action against the hospital.

■ The essence of the strict products liability doctrine as set forth by the Court of Appeals of the State of New York in *Codling v. Paglia*, 32 N.Y.2d 330, 345 N.Y. S.2d 461, 298 N.E.2d 622 (1973) is that a party injured by a defective product may recover damages from the manufacturer of that product without the requirement of proving that the manufacturer was negligent. No cases have held that the furnishing of services is encompassed by this doctrine. Specifically, the doctrine of strict liability in tort is inapplicable to the service

by the hospital of providing blood transfusions. *Simone v. Long Island Jewish Hillside Medical Center*, 81 Misc.2d 163, 364 N.Y.S.2d 714 (Sup.Ct.Nassau Co.1975); *Shepard v. Alexian Brothers Hospital, Inc.*, 33 Cal.App.3d 606, 109 Cal.Rptr. 132 (Ct. App.2d Div.1974).

The motion is denied with respect to plaintiffs' negligence claim since an issue of fact exists as to the manner in which defendant Hospital obtained and tested the blood.

The motion is also denied as to defendant Eastern's cross claim against the Hospital for negligence. Here again, the issue of negligence is for the jury.

The motion is disposed of as indicated above.

So ordered.